**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **ARIEL SCHACHTER and** | ) | |
| **FRESH START LEASING, LLC** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiffs,** | ) | |
| | ) | _____ |
| **v.** | ) | |
| | ) | |
| | ) | |
| **LETITIA JAMES,** | ) | |
| **ATTORNEY GENERAL** | ) | |
| **OF THE STATE OF NEW YORK.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT & REQUEST FOR DECLARATORY JUDGMENT

Plaintiffs Ariel Schachter ("Schachter") and Fresh Start Leasing, LLC ("Fresh Start") (collectively "Plaintiffs") file this Complaint against Letitia James, Attorney General of the State of New York ("Defendant" or "the NYAG"), and would show as follows:

### PRELIMINARY STATEMENT

Orders entered by a state court in any of the United States are presumptively entitled to full faith and credit in the courts of any sister state, as well as in federal court, pursuant to the United States Constitution and federal statute, respectively.[1]  The primary exception to this rule is the rare instance in which a state court order was issued pursuant to proceedings that fell short of the minimum procedural due process standards mandated by the Fourteenth Amendment of the United States Constitution.[2]  Plaintiffs here seek to have this Court declare their rights under two orders

---

[1] *See* U.S.C.A. Const. Art. 4 § 1; 28 U.S.C.A. § 1738.

[2] *See Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 481 (1982).

that constitute one of those rare instances where even those minimal requirements were not met.

Specifically, as set forth herein, state courts in New York entered, and then affirmed, devastating, draconian orders against Schachter and others that ordered their businesses shut down, hundreds of millions of dollars in restitution to be paid, and enjoined their ability to conduct business in the future, all on the basis of *no evidentiary record whatsoever.*  Instead*,* the New York court simply accepted the NYAG's allegations and untested affidavits uncritically, all the while aggressively and outrageously denying the respondents their Constitutional right to even cross-examine a single affiant, to present any witnesses of their own, or to make any other evidentiary showing*.*  To underscore this crucial point, despite the monumental, life-altering New York Orders (as defined herein), at no time in the course of the proceedings did the New York state court require the NYAG to provide any admissible evidence to support her allegations, nor did it permit the respondents in the New York Cases (as defined herein) to either conduct discovery or to present any evidence of their own.  Thus, however low the bar for "minimal due process" might be, the proceedings in New York did not clear it.   Plaintiffs therefore seek an Order of this Court confirming that the New York Orders are not entitled to full faith and credit in this Court or otherwise in the State of Texas and, consequently, Schachter may exercise his Constitutional right to engage in the occupation of his choosing in Texas without fear that the New York Orders can be enforced here.

### INTRODUCTION

1.     Schachter seeks to operate a small business in Amarillo, which he has now formed and registered with the State of Texas as Fresh Start Leasing, LLC.  Both Plaintiffs bring this case to confirm their right to proceed with the intended operations in Texas, notwithstanding two orders and judgments issued in the matters captioned *New York, et. al. v. Northern Leasing Systems, Inc.,*

*et. al.*, No. 450460/2016 (N.Y. Sup. Ct. June 8, 2020) ("the First Order") and *New York, et. al. v. Leasing Expenses Co., LLC*, et. al. No. 452357/2020 (N.Y. Sup. Ct. March 16, 2021) ("the Second Order")(collectively, "the New York Orders").  This is because the New York Orders were issued pursuant to a process that rendered them ineligible for recognition in any other state or federal court.

2.     In April 2016, the NYAG and Fern A. Fisher[3], then the Deputy Chief Administrative Judge for New York City Courts commenced a proceeding bearing index number No. 450460/2016 in New York state court against Northern Leasing Systems, Inc. ("Northern Leasing"), Lease Finance Group, LLC, MBF Leasing, LLC, Lease Source-LSI, LLC, Golden Eagle Leasing, LLC, Pushpin Holdings, LLC, Jay Cohen, and Neil Hertzman alleging business fraud in connection with the leasing of certain credit card processing equipment ("the First Case").

3.     Subsequently, a separate proceeding bearing index number 452357/2020 was instituted by the NYAG against Leasing Expenses Company, LLC, NLS Equipment Finance, LLC, Leonard Mezei, Ariel Schachter, Sara Krieger, Jay Cohen, Unknown Jay Cohen Family Trust, Fieldston Capital, LLC, JS Ventures Holdings, LLC, and John Does 1-10 ("the Second Case"). Plaintiff refers to the First Case and Second Case collectively herein as "the New York Cases."

4.     The New York Cases were "special proceedings" brought by the NYAG pursuant to New York Executive Law § 63(12).  This law is intended to provide "an expeditious means for the Attorney General" to resolve certain disputes, but as it was applied in these cases, it deprived the respondents of the opportunity to fully defend themselves by denying the right to conduct discovery and allowing the NYAG to dispose of the case in summary proceedings without any

---

[3] Fisher was subsequently replaced in the action by George J. Silver, the Deputy Chief Administrative Judge for New York City Courts.

meaningful opportunity for the respondent to present evidence to rebut the claims at issue.[4]

5.      Following these "special proceedings" in which the respondents were not afforded a single evidentiary hearing and in which the NYAG did not put forward a single piece of admissible evidence, the New York Orders were entered, destroying decades-old businesses and affirmatively ending the careers of officers and employees who had never been shown to have participated in any wrongdoing, and without any showing that wrongdoing had even occurred.

6.      Although Schachter was not named as an individual defendant in the First Case or in the First Order, he was named individually in the Second Case and the Second Order.  Schachter was the Chief Financial Officer of Northern Leasing, which per the First Order was permanently enjoined "from conducting the business of equipment finance leases and from purchasing, financing, transferring, servicing, or enforcing equipment finance leases."

7.      Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Plaintiffs now seek a declaration of their legal rights under the New York Orders, and in particular seek a declaration by this Court that the New York Orders are not entitled to full faith and credit or enforcement outside the state of New York because Schachter was denied any opportunity whatsoever to present evidence and testimony to rebut the Defendant's allegations in the summary proceeding.

## PARTIES

8.      Plaintiff Ariel Schachter is an individual residing in and is a citizen of the State of New Jersey.

---

[4] Plaintiff is not challenging the constitutionality of the New York Executive Law itself, but only contends that as it was applied in the New York Cases underlying this action, it deprived Plaintiff of his due process rights.  The law, has however, been noted for its "absence of certain procedural safeguards" and is the subject of ongoing criticism and commentary.  *See e.g.*, Mark Kelley & Lois Ahn, "Trump's NY Civil Fraud Trial Spotlights Long-Criticized Law," Law360 (April 5, 2024), *available at* https://www.law360.com/articles/1819716/trump-s-ny-civil-fraud-trial-spotlights-long-criticized-law.

9.      Plaintiff Fresh Start Leasing, LLC is a limited liability company organized under the laws of the State of Texas and with its principal place of business at 600 South Tyler Street, Suite 2100, Amarillo, Texas 79101.  Fresh Start has a single member, Schachter, who resides in and is a citizen of New Jersey.

10.     Defendant is Letitia James, Attorney General of the State of New York.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because at all relevant times the parties have been diverse—Schachter is currently a citizen of New Jersey with plans to establish a new residence in Texas, while Defendant is a citizen of New York, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

12.     In addition, this Court has jurisdiction over this matter because the suit arises under 42 U.S.C. § 1983 as a result of violations alleged herein of Schachter's due process rights conferred by the Fourteenth Amendment to the U.S. Constitution.

13.     This Court has personal jurisdiction over Defendant because in obtaining a broad injunctive order purporting to restrict certain parties, including Schachter, from conducting a specific business, Defendant has reached into the State of Texas and improperly restricted the rights of both Schachter and Fresh Start, a registered Texas entity, to operate within this state.

14.     Venue is proper in this Court because the impact of Defendant's conduct is felt in the Northern District of Texas where Schachter has formed and intends to operate his new business, Fresh Start, which has its primary place of business in Amarillo, Texas.  The curtailment of Plaintiffs' right to conduct this business will be felt in this district if and when the Defendant attempts to enforce the New York Orders here.

**FACTUAL BACKGROUND**

15.     Northern Leasing is a New York corporation that operated through a number of entities and engaged in the business of providing equipment finance leases for business equipment such as credit card processing machines.

16.     As part of its business model, Northern Leasing engaged Independent Sales Organizations ("ISOs") to market and sell the equipment.

17.     On or about April 11, 2016, Defendant filed a petition against Northern Leasing and its related entities and attorneys in New York state court bringing claims of fraud and illegality pursuant to New York Executive Law § 63(12), deceptive practices under New York General Business Law § 349, and dissolution under New York Business Corporations Law § 1101(A)(2).

18.     As part of that First Case, Defendant sought an injunction "permanently enjoining Respondents, *their agents*, trustees, employees, successors, heirs and assigns, or any other person under their direction or control, whether acting individually or in concert with others, or through any corporate or other entity or device through which one or more of them may now or hereafter act or conduct business from conducting business or performing any act in and from the State of New York involving equipment finance leasing and/or debt collection …."

19.     Plaintiff Schachter was not named as a respondent in the First Case, but as Chief Financial Officer of Northern Leasing would likely be considered an "agent" of Northern Leasing in connection with the relief sought in the petition.

20.     Throughout the proceedings in the New York courts, Northern Leasing and the other respondents argued that they should be afforded an opportunity to conduct discovery to develop evidence that would rebut the claims of the NYAG but were repeatedly and summarily denied the opportunity.  Then, following a summary procedure, in which Northern Leasing was denied an evidentiary hearing and was therefore unable to present key evidence in its defense, the

Supreme Court of New York issued an order in New York's favor.

21.     Although the First Order purports to grant the relief sought by the state, it does not precisely track the language used in the petition.  While Defendant sought an injunction against "Respondents, their agents, trustees, employees" etc., the order entered by the Supreme Court of New York states only that it "permanently enjoins ***respondents*** from conducting the business of equipment finance leasing …"  First Order at 53 (emphasis added).

22.     Because Plaintiff was not named as a respondent, at first blush it does not appear that the First Order would prevent him individually from engaging in the business of equipment finance leasing.  However, to the extent the First Order purports to enjoin the agents or employees of Northern Leasing from conducting the business of equipment finance leasing ("the Enjoined Conduct"), the imposition of such an injunction deprives Plaintiff of his constitutionally protected interest in pursuing his chosen occupation without due process of law.

23.     Furthermore, a subsequent related suit was filed wherein Plaintiff was named individually as a respondent, and Defendant sought to enjoin Plaintiff and other entities from enforcing leases procured under new business entities, which Defendant alleged were alter egos of Northern Leasing.

24.     In the Second Case, the petition sought the same injunctive relief preventing the respondents from engaging in the business of equipment finance leasing.

25.     Once again, the respondents in the Second Case, including Schachter, were denied their Constitutional right to present evidence in defense to the claims at issue.  The Second Case, again brought pursuant to the same New York Executive Law, was decided by the court based entirely on affidavits with no evidentiary hearing afforded to Schachter or his fellow respondents.

26.     Following another deplorably inadequate summary proceeding at which no

opportunity for the submission of evidence was afforded, the Supreme Court of New York entered the Second Order, which permanently enjoined the respondents, including Schachter, from conducting equipment finance leasing or related services.

27.      The New York Orders deprive Schachter of his liberty to pursue the profession of his choice, and due to the nature of the proceedings in New York, Schachter was not afforded the opportunity to submit any evidence to rebut the arguments offered by Defendant in those cases.

28.      While state court proceedings are generally entitled to full faith and credit by federal courts, where those proceedings are conducted improperly without due process a court of another jurisdiction need not honor that state court judgment.

29.      Here, irrespective of whether the procedures employed in the New York Cases comply with New York law (the Plaintiffs submit they do not), they do not comport with due process requirements under the U.S. Constitution and therefore the New York Orders should not be afforded full faith and credit outside the state of New York.

30.      Furthermore, and in the alternative, neither of the New York Orders limits the injunction on business activities to the state of New York, and thus if enforced as written could be read to prohibit the respondents, including Schachter, from engaging in the business of equipment finance leasing anywhere in the country including Texas.  The New York Orders and, in particular, the Second Order, wherein Plaintiff was individually named, are unduly broad as written and exceed the scope of the powers the state of New York or the NYAG may have to enforce the laws of their state.

31.      Pursuant to the New York law authorizing the action underlying both New York Cases, the NYAG is authorized to act only on actions in which the state of New York is interested.

32.      The state of New York has no interest in the business operations conducted by

Plaintiffs in the state of Texas, and thus to the extent the NYAG has reached into this state to prevent Plaintiffs from conducting business here, the New York Orders are overbroad and unenforceable.

33.     Schachter seeks to make a fresh start in Amarillo, Potter County, Texas and pursue the business he knows best—equipment finance leasing.  He has taken the initial steps to proceed by forming Fresh Start and securing a lease, and now Plaintiffs ask this Court to determine if they may lawfully carry on this business in light of the New York Orders.  Plaintiffs seek this declaration from the Court to avoid taking further steps toward operating an equipment finance leasing business in Texas, only to be subjected to subsequent suit by Defendant seeking to enforce the New York Orders in Texas.

### COUNT I-DECLARATORY RELIEF

34.     The foregoing paragraphs 1 through 33 are incorporated herein by reference.

35.     Pursuant to the New York Orders and the infringement therein upon Schachter's liberty interest in conducting the business of equipment finance leasing in the state of Texas and his due process rights, there is an actual and justiciable controversy between the parties concerning their rights and liabilities under the New York Orders.

36.     Schachter was not afforded his due process rights to fully defend against the claims against him in the New York Cases but was nonetheless deprived of his liberty right to pursue the profession of his choice without any geographical or time limitation.

37.     Because Schachter was deprived of fundamental rights in the underlying litigation, neither of the New York Orders is entitled to full faith and credit outside the state of New York.

38.     Furthermore, the New York law authorizing the action underlying both New York Cases authorized the NYAG to act only on matters in which the state of New York is interested.

39.     The state of New York has no interest in the business operations conducted by Plaintiffs in the state of Texas or any other state for that matter, and thus to the extent the New York Orders purport to enjoin Schachter or Fresh Start from conducting the business of equipment finance leasing anywhere other than in New York, the orders exceed the scope of relief allowed under the relevant statute.

40.     Should Plaintiffs be deprived of his right to pursue this business in Texas they will suffer losses well in excess of $75,000.

41.     Accordingly, Plaintiffs seeks a declaration from this Court regarding the effectiveness of the New York Orders, their scope, and Plaintiffs' right to conduct the business of equipment finance leasing.

### PRAYER FOR RELIEF

42.     WHEREFORE, Plaintiffs Ariel Schachter and Fresh Start Leasing, LLC respectfully asks the Court for judgment containing the following relief:

    a.   A declaration that the New York state court proceedings did not comply with due process requirements and therefore the New York Orders are not entitled to full faith and credit by courts of other jurisdictions;

    b.   A declaration that the New York litigation which resulted in the New York Orders improperly deprived Schachter of his due process right to submit exhibits, present testimony, and rebut evidence submitted by the NYAG;

    c.   A declaration that any injunction restricting Schachter's liberty right to pursue the career of his choice as set forth in the New York Orders shall not be enforced or honored outside the state of New York;

    d.   A declaration that Plaintiffs are free to conduct the business of equipment

finance leasing in the state of Texas;

e.   Reasonable attorneys' fees;

f.   Costs of suit;

g.   Any other relief the Court deems just and appropriate.


Respectfully submitted,

*/s/ David Mullin*
David Mullin, Texas Bar No. 1451600
*Attorney in Charge*
dmullin@mhba.com
Flannery Nardone, Texas Bar No. 24083183
fnardone@mhba.com
MULLIN HOARD & BROWN, L.L.P.
500 South Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
PHONE: (806) 372-5050
FAX: (806) 372-5086

**Attorneys for Plaintiffs**